UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 08-20036 |
| JESSIE TRAYLOR, | ) ) ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Jessie Traylor's *pro se* Motion for Compassionate Release requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), Motion for Home Confinement, and Amended Motion for Compassionate Release. (Docs. 155, 156, 162). For the reasons set forth below, Defendant's Motions are DENIED.

### BACKGROUND

On January 8, 2010, this Court sentenced Defendant to a term of life imprisonment for his involvement in a cocaine trafficking conspiracy involving five or more kilograms of cocaine. (D. 88). On January 17, 2017, President Barack Obama commuted his sentence to 240 months. (D. 147). Defendant is incarcerated at FCI Marianna in Marianna, Florida and is scheduled to be released on June 20, 2025. (D. 162 at 1).

On March 31, 2020, Defendant was diagnosed with COVID-19. (D. 164 at 13; D. 166 at 1). He reported experiencing shortness of breath, fever, chills, and had an oxygen saturation level of 98% on room air. (D. 166 at 39). Defendant eventually recovered from COVID-19 and appeared healthy during a medical evaluation in July 2020. *Id*. at 20.

Defendant submitted a request for compassionate release to the Warden at FCI Marianna, but his request was denied on August 10, 2020. (D. 155 at 3; D. 160 at ¶ 3). On September 8, 2020, Defendant filed a *pro se* Motion for Compassionate Release and Motion for Home Confinement. (Docs. 155, 156). The Court appointed the Federal Public Defender's Office to represent him. (Text Order 9/14/2020). On October 5, 2020, counsel filed an Amended Motion for Compassionate Release. (D. 162). On October 7, 2020, the Government filed its Response in opposition. (D. 164). This Order follows.

## LEGAL STANDARD

Generally, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). Several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. *See* 18 U.S.C. § 3528(c)(1)(A).

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court

finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with the policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons."

If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." A chronic condition (*i.e.*, one "from which [the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. USSG § 1B1.13, cmt. n.1(A)(ii)(1).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *United States v. Melgarejo*, 2020 WL 2395982, at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id.* at 5–6.

### DISCUSSION

Both parties agree Defendant exhausted his administrative remedies under 18 U.S.C. § 3582(c). (D. 162 at 2; D. 164 at 19). Accordingly, the Court will address Defendant's Motion on the merits.

Defendant argues that there are extraordinary and compelling reasons warranting his release because (1) he is still suffering residual effects from COVID-19 and (2) there is no guarantee that he will not contract the virus again. (D. 162 at 7). The Government argues that Defendant failed to identify (1) any terminal illness, or (2) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13, cmt. n.1(A).

Additionally, the Government asserts that the existence of the pandemic, which poses a threat to every person in the country, does not alone provide a basis for a sentence reduction. *Melgarejo*, 2020 WL 2395982, at *5; *see also United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)").

The Court finds that the possibility that Defendant might contract COVID-19 again does not present an extraordinary and compelling reason that warrants modification of his sentence. He contracted COVID-19 in March 2020, but his medical records indicate that he now appears healthy and has tested negative for the virus. (D. 166 at 20, 23). He does not claim to be suffering from a medical condition that places him at a heightened risk for developing severe symptoms from COVID-19. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, (Nov. 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. Although nine staff members are positive, there are currently no cases of the virus among the inmate population at FCI Marianna; there have been no deaths; and six inmates and twelve staff members have recovered. *See COVID-19 Coronavirus*,

Federal Bureau of Prisons (Nov. 6, 2020), https://www.bop.gov/coronavirus/. As a result, it appears the facility is not experiencing a serious outbreak and has been able to contain it among the inmate population. While the Court commends Defendant for his non-violent behavior and for completing a series of classes to prepare himself for life outside of prison, the Court finds that Defendant has failed to establish extraordinary and compelling reasons for compassionate release. (D. 162 at 7-8). Therefore, his Motions are denied.

## CONCLUSION

Defendant's Motion for Compassionate Release [155], Motion for Home Confinement [156], and Amended Motion for Compassionate Release [162] are DENIED.

ENTERED this 10th day of November, 2020.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge