UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-cr-20036 |
| | ) |
| JESSIE L. TRAYLOR, | ) |
| | ) |
| Defendant. | ) |

### ORDER AND OPINION

This matter is now before the Court on Defendant Jessie L. Traylor's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 169. For the reasons set forth below, Defendant's Motion (ECF No. 169) is DENIED.

### BACKGROUND

Defendant is serving a term of 240 months for his involvement in a cocaine trafficking conspiracy involving five or more kilograms of cocaine. ECF No. 160. Defendant was initially sentenced to life imprisonment but his sentenced was reduced to 240 months following an executive grant of clemency on January 17, 2017. *Id*. The Government represents that Defendant is scheduled to be released from the Bureau of Prisons on June 20, 2025.

Defendant filed his first motion for compassionate release on September 8, 2020 related to the COVID-19 outbreak. ECF No. 156. The Court appointed him Counsel who filed an amended motion on similar grounds. ECF No. 162. The United States opposed the motion asserting Defendant failed to establish extraordinary and compelling release and that release was not proposed under the factors included in § 3553(a). ECF No. 164. The Court denied the motion on

1

November 10, 2020, agreeing that Defendant failed to establish extraordinary and compelling reasons for compassionate release. ECF No. 167.

On January 14, 2021, the defendant filed a petition for writ of habeas corpus under § 2241 in the District of South Carolina, which is where he was housed at the time. *Traylor v. Knight*, et al., 21cv150 (D.SC. Rock Hill). That petition was denied by the District Court of South Carolina. ECF No. 170-2. That court noted that Petitioner was challenging his original sentence because one of the prior convictions used to enhance his sentence no longer qualified as a predicate offense. ECF No. 170-2 at 2. That court stated that the defendant's petition was moot due to the previous Presidential commutation of his life sentence. *Id*. at 3. As such, the court found that Defendant is "no longer serving a judicially imposed sentence, but a presidentially commuted one" and, therefore, any claim of error as to his original sentence was moot. *Id.*, citing *United States v. Surratt*, 855 F.3d 218, 220 (4th Cir. 2017). The Government represents that Defendant has appealed that decision.

On May 12, 2022, Defendant filed a second motion for compassionate release. Defendant seeks early release as a remedy for the denial of his habeas petition. Specifically, the defendant asserts that, because his prior conviction for "simple possession" of a controlled substance cannot be used as a predicate offense under § 851 to enhance his sentence, he claims that his habeas petition under § 2241 was incorrectly denied. The defendant therefore argues that an extraordinary and compelling reason exists justifying his early release pursuant to 18 U.S.C. § 3582(c)(1)(A) and USSG § 1B1.13 n. 1(D). *Id.*

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court

may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Government's Response properly invoked Defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement. The Seventh Circuit has made clear that the exhaustion

requirement "is a mandatory, claim-processing rule and therefore must be enforced when properly invoked." *United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021). The Government explains that while Defendant made a request in April 2022 to his prior Warden, Petitioner has not sought release though his current BOP Warden. Moreover, the present motion covers matters not addressed in that April 2022 request. *See* ECF No. 169-1. As a result, this Court finds that Defendant has failed to establish that he properly exhausted administrative remedies prior to filing his Motion for Compassionate Release. *See Sanford*, 986 F.3d at 782; *United States v. Williams*, 987 F.3d 700, 702-03 (7th Cir. 2020).

The Court further agrees that Defendant otherwise failed to establish an extraordinary and compelling reason justifying early release. Defendant primarily points to his habeas denial as the reason he is entitled to compassionate release. However, the Seventh Circuit has established that claims to challenge purported errors the initial sentencing must go through the normal appeal or collateral habeas process. In *United States v. Martin*, the Seventh Circuit held that "a claim of errors in the original sentencing is not itself an extraordinary and compelling reason for release." 21 F.4th 944, 946 (7th Cir. 2021). The Seventh Circuit explained that to permit a defendant to use a motion for compassionate release to challenge a potential sentencing error "would circumvent the normal process for challenging potential sentencing errors, either through the direct appeal process or collaterally through a 28 U.S.C. § 2255 motion." *Id.* (citing Thacker, 4 F.4th 569, 574 (7th Cir. 2021)). In *Thacker*, the Seventh Circuit expressed concern about allowing "the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences." *Thacker*, 4 F.4th at 574. "That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions." *Id*.

4

Accordingly, the Court agrees that it is not appropriate to use § 3582(c)(1)(A) to circumvent the ongoing § 2241 petition in a different district. Running to this Court to seek relief under a different statute is not an appropriate response to losing his motion in a different district and is inconsistent with the purpose of § 3582(c)(1)(A). Petitioner must instead follow the typical appeal process.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release [169] is DENIED without prejudice.

ENTERED this 21st day of September, 2022.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Court Judge